1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  ANTONIAL MARQUETTE MONROE,

11            Plaintiff,

12       v.

13  DEPARTMENT OF CORRECTIONS, et
al.,

14

           Defendants.

15

CASE NO. 3:16-CV-05748-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JANUARY 6, 2017

16    This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate

17  Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1,

18  MJR 3, and MJR 4. Before the Court is defendants Department of Corrections ("DOC") and

19  Department of Health's ("DOH") motion to dismiss. Dkt. 13.

20    Plaintiff alleges that his constitutional rights were violated when he was discriminated

21  against and his visitation privileges with his spouse were denied. Plaintiff sues the DOC, DOH

22  and one DOC employee, a corrections counselor. As state agencies, defendants DOC and DOH

23  are immune from suit under the Eleventh Amendment and are not persons under § 1983. Thus,

24  the Court recommends that defendants DOC and DOH's motion to dismiss be granted and that

1  plaintiff's claims against these two defendants be dismissed with prejudice. Plaintiff's claim

2  against defendant Belcher remains.

3                                    **STANDARD OF REVIEW**

4        A court may grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) of

5  the Federal Rules of Civil Procedure "if it appears beyond doubt that the plaintiff can prove no

6  set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d

7  1295, 1300 (9th Cir. 1983) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1990)). "Dismissal

8  can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

9  under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.

10  1990).

11                                   **PROCEDURAL HISTORY**

12       Plaintiff was granted *in forma pauperis* status on September 20, 2016. Dkt. 3. Plaintiff's

13  complaint was filed the same day, *see* Dkt. 4.  Defendants filed their motion to dismiss on

14  October 27, 2016. Dkt. 13. Plaintiff did not file a response. *See* Dkt.

15                                    **STATEMENT OF FACTS**

16       Plaintiff, Antonial Marquette Monroe, is a Washington state prisoner in the custody of

17  the DOC and is currently housed at the Monroe Correctional Complex ("MCC"). *See* Dkt.

18       Plaintiff sues the DOC, DOH and Bryan Bechler, a corrections counselor. Dkt. 4.

19  Plaintiff's alleges that while he was incarcerated at Washington State Penitentiary, and later, at

20  MCC, his constitutional rights were violated. Dkt. 4. Plaintiff alleges that he was discriminated

21  against and his visitation privileges with his wife, Brandalynn White, were revoked. Dkt. 4 at 3.

22  It appears that there was some confusion as to the validity of plaintiff's marriage and thus,

23  plaintiff's wife was unable to visit him in prison. *Id.* Plaintiff seeks $20,000 in damages. Dkt. 4

24  at 5.

REPORT AND RECOMMENDATION - 2

1 **DISCUSSION**

2     Defendants move to dismiss the claims against defendants DOC and DOH based on

3 Eleventh Amendment immunity and because they are not "persons" for purposes of § 1983. Dkt.

4 13. Plaintiff has not filed a response. *See* Dkt.

5     Under the Eleventh Amendment, a state is not subject to suit by its own citizens in

6 federal court. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

7 A governmental agency that is an arm of the state is also immune from suit under the Eleventh

8 Amendment. *See Howlett v. Rose,* 496 U.S. 356, 365 (1990); *Flint v. Dennison,* 488 F.3d 816,

9 824–25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836, 839 (9th

10 Cir.1997); *Hale v. State of Arizona,* 993 F.2d 1387, 1398–99 (9th Cir. 1993) (en banc).

11 Additionally, an entity with Eleventh Amendment immunity is also not considered a "person"

12 within the meaning of U.S.C. § 1983. *Howlett,* 496 U.S. at 365. An essential element of a § 1983

13 suit is that a defendant be a "person" acting under color of state law. *Parratt,* 451 U.S. at 535.

14 Further, a lawsuit brought "against a state official in his or her official capacity is not a suit

15 against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State*

16 *Police,* 491 U.S. 58, 71 (1989). The only exception to this general rule is when a state official is

17 sued in his official capacity for prospective injunctive relief. *Doe v. Lawrence Livermore Nat.*

18 *Laboratory,* 131 F.3d 836, 839 (9th Cir. 1997).

19     Plaintiff has brought a suit for monetary damages against defendants DOC and DOH.

20 Dkt. 4. Defendants DOC and DOH are agencies and subdivisions of a state and, therefore, are

21 immune from suit under the Eleventh Amendment and are not "persons" for purposes of § 1983.

22 Thus, the Court recommends that defendants DOH and DOC's motion to dismiss be granted and

23 that these two defendants be dismissed from this suit.

24

1

CONCLUSION

2       For the reasons set forth above, the Court recommends granting defendants' motion to

3 dismiss (Dkt. 13). Plaintiff's claims against defendants DOC and DOH should be dismissed with

4 prejudice.

5       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

6 fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P.

7 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

8 *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the

9 Clerk is directed to set the matter for consideration on **January 6, 2017** as noted in the caption.

10       Dated this 13th day of December, 2016.

11

12

                J. Richard Creatura
                United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 4